**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Hadley HEIZELMAN,**
**Defendant–Appellant.**

No. 11–50226.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2012.[*]

Filed March 26, 2012.

---

Robert Steven Huie, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven Alan Feldman, Feldman & Feldman, Uniondale, NY, for Defendant–Appellant.

*See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

MEMORANDUM **

Heizelman was convicted of two counts of threatening a judge, in violation of 18 U.S.C. § 115(a)(1)(B). He appeals, arguing that his jury waiver was not voluntary, knowing, and intelligent and that his statements were not "true threats" and are therefore protected speech. We affirm.

 We review *de novo* the adequacy of a jury waiver. *United States v. Duarte–Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997). Given the "suspected presence of mental or emotional instability" in a defendant, the district court is required "to conduct an in-depth colloquy" to assure that the defendant's waiver of a jury trial is voluntary, knowing, and intelligent. *Id.* at 1003 (internal citation and quotations omitted). The record establishes that the district court's colloquy was sufficiently in-depth to assure that Heizelman's waiver was voluntary, knowing, and intelligent.

If a defendant moves for acquittal at trial, we review *de novo* the sufficiency of the evidence. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir.2005). If a party fails to make a timely assertion of rights, however, the right is forfeited and we review for plain error. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997). We must also determine whether the statement constitutes a true threat, unprotected by the First Amendment, *Stewart*, 420 F.3d at 1015, which requires proof "that the speaker subjectively intended the speech as a threat," *Id.* at 1017 (internal citation and quotations omitted); *see United States v. Bagdasarian*, 652 F.3d 1113, 1117 (9th Cir.2011) (subjective test "must

** This disposition is not appropriate for publication and is not precedent except as provid-

be read into all threat statutes that criminalize pure speech"). There was no error. The record contains sufficient evidence to establish the elements of the statutory violation, *see Stewart*, 420 F.3d at 1015, and Heizelman's calls to the district court were "true threats."

**AFFIRMED.**